UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/2021
```

MARIO BADESCU SKIN CARE, INC.,

                Plaintiff,

-against-

SENTINEL INSURANCE
COMPANY, INC.,

                Defendant.

Case No. 20-cv-6699 (AT)

**STIPULATED PROTECTIVE ORDER**

**ANALISA TORRES, United States District Judge.**

    This matter having come before the Court by stipulation of plaintiff, Mario Badescu Skin Care, Inc. and defendant, Sentinel Insurance Company, Inc. (individually "Party" and collectively "Parties") for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

    IT IS hereby ORDERED that:

    1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

        Confidential Information shall be designated as such by the Producing Party in one or more of the following ways: (1) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response; (2) information contained in any document may

1

be so designated by marking the words "CONFIDENTIAL" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to opposing counsel, describing the document specifically; and/or (3) information set forth in natively produced electronic documents and other non-imaged media by noting such designation in any accompanying slip sheet and in the load file provided with the electronic production. Any such designation shall subject the Confidential Information to this Confidentiality Order without any further act on the part of the Producing Party.

    2.    As used herein:

    (a)    "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

    (b)    "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case maybe.

    (c)    "Receiving Party" shall mean the Parties to this action and/or any non- party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

    3.    The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the

Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

    4.  Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    (a)  personnel of the Parties who have been advised of their obligations hereunder;

    (b)  counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    (c)  expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 6 hereof;

    (d)  the Court and court personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical or other personnel of such officer;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

(g) the Parties' claims administrators, reinsurers, intermediaries, accountants, auditors and retrocessionaires;

(h) any governmental, regulatory, or administrative agency who may seek review of Confidential Information from any Party;

(i) any entity or person to whom any Party, by law, is required to make such disclosure; and

(j) any other person agreed to by the Producing Party.

5. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

6. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 4(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

7. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of thirty (30) days after a

transcript of said deposition is received by counsel for each of the Parties. At the end of such thirty day period, the deposition shall no longer be deemed "Confidential" unless either party so specifically designates it as "Confidential" during the thirty (30) day time period set forth above.

8. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

9. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

10. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non- party to this case, or any portion thereof. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony,

5

designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information. Once the thirty (30) day period has expired, no party will be permitted to designate such Documents and Testimony as Confidential without an Order from the Court permitting same for good cause shown.

11. The designation, or lack of designation, of information as Confidential Information shall be of no evidentiary effect.  Nothing in this Order shall preclude a Producing Party from objecting to the admissibility on any grounds of any Discovery Material produced.

12. Disputes concerning the designation of Confidential Material shall be handled as follows: counsel for the party challenging the propriety of a designation of Confidential Information shall notify, in writing, counsel for the Producing Party of the nature of the challenge. The challenging party and the Producing Party shall meet and confer and make a good faith effort to resolve the dispute.  In the event that these parties are unable to resolve the dispute, the Producing Party may apply to the Court for a determination as to whether it appropriately designated the document or tangible thing as Confidential Information.  If the Producing Party files such an application with the Court, the document or tangible thing at issue will be treated as Confidential Information until the Court has rendered its determination. Notwithstanding the foregoing, no Party shall challenge the designation of Discovery Material unless that Party has a good faith intention of filing or otherwise using the challenged Discovery Material in a manner that would otherwise be prohibited by this Stipulation and Protective Order.

13. (a) A Party or, as appropriate, non-party, who seeks to file with the Court

(i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information, or

(ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall redact all Confidential Information and file the redacted pleading, motion, or document pursuant to established Court filing procedures under the Court's standing order, 19-mc-00583, and Section 6 of the Southern District of New York's ECF Rules & Instructions. The Clerk of the Court is directed to file and maintain under seal any such documents until further order of the Court, and such Confidential Information so filed shall not be made available to anyone other than the persons identified in Paragraph 4.

(b) A party intending to file with the Court any pleadings, motions, or other papers disclosing information designated as Confidential Information by a Producing Party, shall, to the extent practicable, give prior notice to the relevant Producing Party, identifying the information designated confidential that would be disclosed in the filing. The Producing Party and the filing Party shall endeavor to minimize the amount of material that is filed under seal..

(c) Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 11 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(d) All pleadings, briefs or memoranda which reproduce or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

14. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

15. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 1 and/or 10 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within seven (7) business days following the discovery that the document or information has been produced without such designation.

16. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

18. Pursuant to Federal Rule of Evidence (FRE) 502(d), disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. Pursuant to FRCP 26(b)(5)(B) and FRE 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide

notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that by making such production:

(a) the production of documents or information subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege, was not inadvertent by the Producing Party;

(b) the Producing Party did not take reasonable steps to prevent the disclosure of privileged documents;

(c) the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or

(d) such disclosure acts as a waiver of applicable privileges or protections associated with such documents.

This provision shall be interpreted to provide the maximum protection allowed by FRE 502 and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

19. This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

20. This Stipulation shall continue to be binding after the conclusion of this litigation

except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

21. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof

22. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23. In connection with their review of electronically stored information and hard copy documents for production (the "Documents Reviewed") the Parties agree as follows:

(a) to implement and adhere to reasonable procedures to ensure Documents Reviewed that are protected from disclosure pursuant to Fed. R. Civ. P. 26 ("Protected Information") are identified and withheld from production;

(b) if Protected Information is inadvertently produced, the Producing Party shall take reasonable steps to correct the error, including a request to the Receiving Party for its return;

(c) upon request by the Producing Party for the return of Protected Information inadvertently produced the Receiving Party shall promptly return the Protected Information and destroy all copies thereof.

24. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, and the conclusion of all related proceedings, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party upon the written request thereof or, at the Receiving Party's option, shall be

10

destroyed or maintained in accordance with the Receiving Party's document retention policies. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-

party or their affiliate(s) in connection with any other matter.

25. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

26. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

27.   This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

28.   The Parties agree to treat the terms of this Stipulation as binding upon execution, and before it is formally entered by the Court.

Dated: January 8, 2021

This Stipulation and Order has been consented to by all counsel of record as follows:

| WEG AND MYERS, P.C. | STEPTOE & JOHNSON, LLP |
|---|---|
| By:  s/ Joshua L. Mallin<br>       Joshua L. Mallin<br>       Dennis D'Antonio<br><br>       Federal Plaza<br>       52 Duane Street, 2nd Floor<br>       New York, New York 10007<br>       Tel. (212) 227-4210<br>       ddantonio@wegandmyers.com<br>       jmallin@wegandmyers.com<br><br>       *Attorneys for Plaintiff Mario Badescu Skin Care, Inc.* | By:     s/ Charles Michael<br>          Charles Michael<br><br>          1114 Avenue of the Americas<br>          New York, New York 10036<br>          Tel. (212) 378-7604<br>          cmichael@steptoe.com<br><br><br>          *Attorneys for Defendant Sentinel Insurance Company, Limited* |

SO ORDERED.

Dated:   January 12, 2021
             New York, New York

_____
ANALISA TORRES
United States District Judge

12