Charles Michael
212 378 7604
cmichael@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

August 2, 2021

**By ECF**

Hon. Analisa Torres
United States District Court, Southern District of New York
500 Pearl St.
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

**Re:**   *Mario Badescu Skin Care, Inc. v. Sentinel Ins. Co.*, 20 Civ. 6699 – Supplemental Authority Letter

Dear Judge Torres:

We write on behalf of the defendant Sentinel Insurance Company, Ltd. ("Sentinel") to respectfully bring to the Court's attention additional cases addressing the issues presented in Sentinel's pending motion to dismiss. (ECF Nos. 33-35, 41-42.)

Specifically, the following recently-issued cases, all decided under New York law, rejected arguments that the COVID-19 pandemic triggered insurance coverage under policy provisions covering "direct physical loss" and "direct physical damage" to property:

- *Northwell Health, Inc. v. Lexington Ins. Co.*, No. 21-CV-1104 (JSR), 2021 WL 3139991, at *6 (S.D.N.Y. July 26, 2021) (rejecting insured's attempt to "impermissibly collaps[e] coverage for direct physical loss or damage into "loss of use" coverage" and holding that "[b]ecause SARS-CoV-2 can be eliminated through routine cleaning and disinfection, the surfaces on which the virus lands are not physically damaged or lost.") (Rakoff, J.).

- *Harry Bassett III Ex'r for Estate of Josephine Alonge v. Wesco Ins. Co.*, No. 512144/2020, 2021 WL 2986949, at *3 (N.Y. Sup. Ct. July 14, 2021) ("Plaintiff does not claim that he suffered 'direct physical damage' to any property. Instead, the Complaint states that 'by reason of the [subject COVID-19 restrictions], Plaintiff, along with all "non-essential" New York State businesses was compelled to reduce, and then cease, all in person business operations.' The Defendant is correct that economic loss, in relation to the restrictions stated, which is not associated with physical damage to property, does not trigger coverage for loss of business income.").

- *Salvatore's Italian Gardens, Inc. v. Hartford Fire Ins. Co.*, No. 1:20-cv-659, 2021 WL 3162800, at *4 (W.D.N.Y. July 7, 2021) ("Apart from alleging that the coronavirus itself is deadly and can remain on surfaces for extended periods of time,

Hon. Analisa Torres
August 2, 2021
Page 2

**Steptoe**

  the Complaint does not identify direct physical loss or damage to any of Plaintiffs' properties. . . . The Complaint does not identify physical alterations to the premises due to the coronavirus.").

- *Benny's Famous Pizza Plus Inc. v. Sec. Nat'l Ins. Co.*, No. 512131/2020, 2021 WL 2772403 (N.Y. Sup. Ct. Kings Cnty. July 1, 2021) ("[T]he mere presence of the COVID-19 virus in the air or on surfaces of a covered property does not qualify as damage to the property itself. Commonly, proof of a change or alteration of the insured premises is necessary to establish that it suffered damage or loss. Since the virus does not alter the insured's property, it is distinguishable from those cases cited by the plaintiff involving radiation, chemical dust and gas, asbestos and other contaminants which may persist and damage the property.") (internal citation omitted).

- *Broadway 104, LLC v. XL Ins. Am., Inc.*, No. 20-cv-3813 (PKC), 2021 WL 2581240 (S.D.N.Y. June 23, 2021) ("The Café's argument ignores the adjectives 'direct' and 'physical' that precede the word 'loss.' The phrase 'direct physical loss' describes tangible loss and cannot reasonably be read to encompass a regulatory restriction against certain uses.").

- *Thill 13014, LLC v. Finger Lakes Fire & Cas. Co.*, No. 800744/2021, slip op. (N.Y. Super. Ct. Erie Cnty. June 17, 2021) (granting insurer's motion to dismiss where "the complaint is void of any evidence to support the bald conclusion that the coronavirus caused an actual covered loss (physical or otherwise) under the subject policies."). (Attached as Exhibit A).

Attached as Exhibit B is a list of 53 additional federal court cases that rejected arguments that the COVID-19 pandemic triggered insurance coverage under policy provisions covering "direct physical loss" and "direct physical damage" to property, which were decided since the filing of Sentinel's motion to dismiss.

Additionally, the Eighth Circuit, the only appellate court to have ruled on the issue, recently rejected arguments that the COVID-19 pandemic triggered insurance coverage under policy provisions covering "direct physical loss" and "direct physical damage" to property in *Oral Surgeons v. Cincinnati Ins. Co.*, No. 20-3211, 2021 WL 2753874 (8th Cir. July 2, 2021).

Respectfully,

*/s/ Charles Michael*

Charles Michael

cc:   Joshua L. Mallin (counsel for Plaintiff, via ECF)