

Charles Michael
212 378 7604
cmichael@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

October 13, 2021

**By ECF**

Hon. Analisa Torres
United States District Court, Southern District of New York
500 Pearl St.
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

**Re:**   *Mario Badescu Skin Care, Inc. v. Sentinel Ins. Co.*, 20 Civ. 6699 – Supplemental Authority Letter

Dear Judge Torres:

We write on behalf of the defendant Sentinel Insurance Company, Ltd. ("Sentinel") to respectfully bring to the Court's attention additional cases addressing the issues presented in Sentinel's pending motion to dismiss. (ECF Nos. 33-35, 41-42.)

Specifically, the following recently-issued cases, all decided under New York law, rejected arguments that the COVID-19 pandemic triggered insurance coverage under policy provisions covering "direct physical loss" and "direct physical damage" to property:

- *Metro. Dental Arts P.C. v. The Hartford Fin. Servs. Grp., Inc, et ano.*, No. 20 Civ. 2443(WFK), ECF No 22, at 5 (E.D.N.Y. Oct. 12, 2021) ("Plaintiff's business property insurance policy requires some form of 'direct physical loss of or physical damage' to the insured premises to trigger loss of business income coverage. No such loss was sustained by Plaintiff here because of the COVID-19 closures.")

- *Abbey Hotel Acquisition, LLC v. Nat'l Sur. Corp.*, No. 21-CV-3506 (VEC), 2021 WL 4522950, at *3 (S.D.N.Y. Oct. 1, 2021) ("In short, there is simply no legal support for Plaintiffs' contention that 'direct physical loss or damage' encompasses a loss of business caused by the spread of COVID-19 or by governmental action designed to reduce such spread.")

- *Poughkeepsie Waterfront Dev't, LLC v. Travelers Indem. Co. of Am.*, No. 20-CV-4890 (KMK), 2021 WL 4392304, at *1 (S.D.N.Y. Sept. 24, 2021) ("[C]ourts in this District and across the country have repeatedly rejected the legal theory now advanced by Plaintiff that 'loss of use' constitutes 'direct physical loss.'")

Hon. Analisa Torres
October 13, 2021
Page 2

**Steptoe**

- *Hudson Valley Bone and Joint Surgeons, LLP v. CAN Financial Corp., et ano.*, No. 20 Civ. 6073 (VB), 2021 WL 4340987, at *6 (S.D.N.Y. Sept. 23, 2021) ("Plaintiff fails plausibly to allege direct physical loss of or physical damage to its premises as a result of the on-site presence of the COVID-19 virus or the related government orders.")

- *WM Bang LLC, et al. v. Travelers Cas. Ins. Co.*, No. 20-CV-4540 (KMK), 2021 WL 4150844, at *3 (S.D.N.Y. Sept. 13, 2021) ("Plaintiffs do not allege any physical loss or damage to the Restaurant through fire or theft, but instead impermissibly assert that the 'loss of access to Plaintiffs' property' somehow entitles them to coverage under the Policy. This argument, however, runs straight into the plain text of the Policy and the overwhelming authority that holds otherwise.")

- *Elite Union Installations, LLC v. Nat'l Fire Ins. Co.*, No. 20-CV-4761 (LJL), 2021 WL 4155016, at *6 (S.D.N.Y. Sept. 13, 2021) ("Thus, looking at the plain language of the Policy and the 'period of restoration' requirements together, it is apparent that an inability to use the property—without more and absent some physical change to the property requiring restoration—is not sufficient to constitute 'direct physical loss or damage' and trigger coverage.")

- *Gammon & Assocs., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 20 Civ. 3882 (GBD), 2021 WL 3887718, at *5 (S.D.N.Y. Aug. 31, 2021) ("[W]hat is clear here is that neither 'direct physical loss' or 'direct physical damage' include 'loss of use.' Accordingly, Plaintiff's loss of use is not covered by the Policy's Business Income and Extra Expense coverage.")

- *Slate Hill Daycare Ctr. Inc. v. Republic-Franklin Ins. Co.*, No. 20 Civ. 03565 (PMH), ECF No. 47 (S.D.N.Y. Aug. 30, 2021) (summary order)

- *Island Gastroenterology Consultants, PC v. Gen. Cas. Co. of Wis.*, No. 604318-21, 2021 WL 3852967, at *2 (N.Y. Sup. Ct. Suffolk Cnty. Aug. 25, 2021) ("New York courts interpreting language that is substantially identical to the language in the insurance policies at bar have found that coverage is limited to losses involving physical damage to the insured's property, and they have declined to interpret such language to include 'loss of use' of the property under New York law. . . . [T]he court finds that the plaintiffs' allegations are insufficient as a matter of law to allege coverage under the business-income provisions of the policies.")

- *BR Rest. Corp. v. Nationwide Mut. Ins. Co.*, No. 20-CV-2756(GRB), 2021 WL 3878991, at *1 (E.D.N.Y. Aug. 24, 2021) ("In *Roundabout Theatre Co. v. Cont'l Cas. Co.*, 302 A.D.2d 1 (N.Y. App. Div. 1stst Dep't. 2002), the Appellate Division held that 'business interruption coverage is limited to losses involving physical damage to the insured's property,' specifically rejecting a claim for 'loss of use of the property due to physical damage to adjacent structures.' Applying this reading to the civil

Hon. Analisa Torres
October 13, 2021
Page 3

**Steptoe**

authority provisions here, no coverage appears to be available as plaintiffs have not and cannot allege 'direct physical loss of or damage to property.'")

- *J&S Kid's Wear, Inc. v. Ohio Cas. Ins. Co.*, No. 20-CV-3121(GRB), 2021 WL 3878991, at *1 (E.D.N.Y. Aug. 24, 2021) ("In *Roundabout Theatre Co. v. Cont'l Cas. Co.*, 302 A.D.2d 1 (N.Y. App. Div. 1st Dep't. 2002), the Appellate Division held that 'business interruption coverage is limited to losses involving physical damage to the insured's property,' specifically rejecting a claim for 'loss of use of the property due to physical damage to adjacent structures.' Applying this reading to the civil authority provisions here, no coverage appears to be available as plaintiffs have not and cannot allege 'direct physical loss of or damage to property.'")

Additionally, since Sentinel's last letter, the Ninth, Sixth, and Eleventh Circuits have joined the Eighth Circuit in rejecting arguments that the COVID-19 pandemic triggered insurance coverage under policy provisions covering "direct physical loss" and "direct physical damage" to property. *See Mudpie, Inc. v. Travelers Casualty Insurance Company of America*, No. 20-16858, --- F.4th ----, 2021 WL 4486509 (9th Cir. Oct. 1, 2021); *Selane Products, Inc. v. Continental Casualty Company*, No. 21-55123, 2021 WL 4496471 (9th Cir. Oct 1, 2021); *Chattanooga Professional Baseball, LLC v. National Casualty Company*, No. 20-17422, 2021 WL 4493920 (9th Cir. Oct. 1, 2021); *Santo's Italian Café LLC v. Acuity Ins. Co.*, No. 21-3068, --- F.4th ---, 2021 WL 4304607 (6th Cir. Sept. 22, 2021); *Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co.*, ---- F. App'x ----, 2021 WL 3870697 (11th Cir. Aug. 31, 2021). No appellate decision, state or federal, has ruled the other way.

Respectfully,

*/s/ Charles Michael*

Charles Michael

cc: Joshua L. Mallin (counsel for Plaintiff, via ECF)