# Weg and Myers, P.C.
ATTORNEYS AT LAW
FEDERAL PLAZA
52 DUANE STREET, NEW YORK, NEW YORK 10007

800 WESTCHESTER AVENUE, RYE BROOK, NEW YORK 10573
(MAILING ADDRESS)

(212) 227-4210
FAX (212) 349-6702
WWW.WEGANDMYERS.COM

| CONNECTICUT AFFILIATE | NEW JERSEY AFFILIATE |
| --- | --- |
| LAW OFFICE OF | LAW OFFICE OF |
| BRIAN D. ROSENFELD | MASELLI-WARREN, P.C. |
| 16 RIVER STREET | 600 ALEXANDER ROAD |
| NORWALK, CT 06850 | PRINCETON, NJ 08540 |
| (203) 853-3888 | (609) 452-8411 |

October 19, 2021

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re:  *Mario Badescu Skin Care, Inc. v. Sentinel Insurance Company Limited*
  Docket: USDC/SDNY, Case #20-cv-6699
  Our File: 20-117

Hon. Judge Torres:

  This firm represents Plaintiff Mario Badescu in the above-referenced action. We write to object to the October 13, 2021 letter in further support of Defendant Sentinel Insurance Company Limited ("Defendant" or "Sentinel") motion to dismiss.

  In its October 13, 2021 letter, Defendant seeks to "bring to the Court's attention additional cases addressing the issues presented in Sentinel's pending motion to dismiss". Defendant claims that the cited cases rejected arguments that the COVID-19 pandemic triggered insurance coverage under policy provisions covering "direct physical loss" and "direct physical damage" to property. In so doing, Defendant is asking the Court to ignore the established rules of insurance contract interpretation on the ground that insurers, at least thus far, have "won" the majority of COVID-19-related insurance cases.[1] Accordingly, without reviewing the precise policy wording, pleadings and scientific data provided to any "other" court who have rendered decisions, including but not

---

[1] There have been 57 cases denying motions to dismiss Complaints seeking coverage for economic loss as a result of suffering the effects of Covid-19 and motions for summary judgment by insurers and 10 cases granting motions for summary judgment in favor of an insured. See https://cclt.law.upenn.edu/judicial-rulings/. This further supports the fact that even though there appears to be more cases that favor the carrier's position than the insured's, there are still enough that would call into question the summary disposal of cases on the pleadings.

limited to the Record before the various Federal Circuit courts who have issued opinions, the mere "existence" of decisions issued by other courts should play no role in assessing the pleadings, policy and scientific data submitted in connection with the instant motion pending before Your Honor.

       Respectfully submitted,

       WEG AND MYERS, P.C.
       *Attorneys for Plaintiff*

By:    /s/ /Joshua L Mallin/
       Joshua L. Mallin, Esq. (JM0474)
       Federal Plaza
       52 Duane Street, 2nd Floor
       New York, New York 10007
       212-227-4210
       jmallin@wegandmyers.com